## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-461-SLP |
| | ) |
| PROGRESSIVE DIRECT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Leave to File Supplemental Brief in Support of his Motion for Partial Summary Judgment [Doc. No. 29]. Defendant has responded [Doc. No. 31], and Plaintiff has replied [Doc. No. 33]. The matter is fully briefed and ready for determination.

In his Motion, Plaintiff seeks leave to file a five-page supplemental brief in support of his pending Motion for Partial Summary Judgment [Doc. No. 15]. Plaintiff asserts supplementation is necessary to present the Court with newly discovered evidence obtained after he filed his summary judgment motion—namely, evidence that Defendant sought approval from the Oklahoma Insurance Department to amend its standard automobile policy to clarify the meaning of the term "licensed driver" such that the term would include an individual with "an instructional or temporary permit." [Doc. No. 29] at 2. Plaintiff contends the meaning of the term "licensed driver" in Defendant's policy is the central issue in this case, and the newly discovered evidence is directly relevant to the meaning of that term and whether the term is ambiguous. *See id.* at 1-2.

In its Response, Defendant asserts Plaintiff originally maintained the term "licensed driver" is unambiguous, therefore the extrinsic evidence he seeks to include in the summary judgment record has no relevance to the Court's decision. [Doc. No. 31] at 1-2. ("This lawsuit does not concern ambiguity for which the Court need look beyond the four corners of the subject policy."). Defendant also generically asserts the amendment to its policy eliminates litigation like the present case and should be encouraged. *Id*. at 3. Defendant does not cite any authority in support of either argument, nor does it explain how the latter assertion bears any relation to whether Plaintiff should be permitted to supplement his summary judgment motion. *See id.*

The Court finds Defendant's relevance argument is without merit, and Plaintiff should be permitted to supplement the summary judgment record with evidence which was not available when he filed his motion. Defendant's argument depends entirely on the assumption that the sole issue for the Court to determine is the unambiguous meaning of the term "licensed driver"—i.e., because Plaintiff originally asserted the policy was unambiguous, he cannot now claim the policy is ambiguous based on the newly discovered evidence. This fails for two reasons.

First, although Plaintiff initially asserted the term "licensed driver" was unambiguous, Defendant's argument wholly ignores the fact that Plaintiff subsequently asserted the term is ambiguous in his response to Defendant's Motion for Summary Judgment. *See* Reply [Doc. No. 33] at 3; *see also* Pls. Resp. to Defs. MSJ [Doc. No. 25] at 22-23. Thus, Plaintiff has not forfeited the ability to assert the term "licensed driver" is ambiguous, and that issue is already before the Court. *See Sprint Nextel Corp. v. Middle*

*Man, Inc.*, 822 F.3d 524, 531 (10th Cir. 2016) (concluding the appellant had not waived or forfeited a contract ambiguity argument by failing to adequately raise the issue in district court, even though it primarily maintained the contract was unambiguous and its only ambiguity argument was found in a single sentence).

Moreover, the parties' arguments that the term "licensed driver" is unambiguous in their favor necessarily invites the Court to consider whether the phrase is ambiguous. *See Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1124 (10th Cir. 2016) (finding the plaintiffs had not waived or forfeited an argument that a portion of the insurance policy was ambiguous—even though they solely asserted it was unambiguous—because "the district court needed to decide whether [the section at issue] was reasonably susceptible to each of the parties' rival readings and was therefore ambiguous" when "confronted on summary judgment with two competing interpretations of [that section]"). Under *Edens*, the evidence at issue could be relevant even if Plaintiff had not subsequently asserted the phrase "licensed driver" is ambiguous.

In sum, the Court finds that it may consider whether the phrase "licensed driver" is ambiguous, and Defendant's argument to the contrary is without merit. To be clear, however, the Court makes no definitive finding at this time as to the role or relevance of the evidence Plaintiff seeks to include—such evidence may prove to be immaterial in the context of the full summary judgment record. The Court merely finds Plaintiff should be able to supplement the summary judgment record with evidence discovered after his motion was filed, and he is not estopped or otherwise prevented from asserting alternatively that the policy is ambiguous.

Moreover, Defendant does not assert, nor does it appear to the Court, that it would suffer prejudice if Plaintiff is permitted to supplement the summary judgment record. The deadline for dispositive motions has not expired, *see* Second Am. Sched. Order [Doc. No. 52], and Defendant is free to timely seek leave to withdraw or supplement its dispositive motion to the extent the newly discovered evidence impacts its position. Finally, as Plaintiff points out, the arguments Defendant made in opposition are more appropriately raised in a summary judgment response, and Defendant is free to do so at the appropriate time.

For these reasons, the Court will GRANT Plaintiff's request to supplement his summary judgment motion to reflect information learned during discovery. But the Court is loath to entertain a partial summary judgment motion that is scattered across multiple documents. Accordingly, Plaintiff's pending Motion for Partial Summary Judgment [Doc. No. 15] is STRICKEN without prejudice to refiling.

Any refiled motion shall fully comply with this Court's Second Amended Scheduling Order, the Local Civil Rules, and the Federal Rules of Civil Procedure. Plaintiff may file a dispositive motion on or before August 1, 2024. *See* Second Am. Sched. Order [Doc. No. 52]. The timing of response and reply briefs is governed by Local Civil Rule 7.1(g), (i). Plaintiff's specific request to supplement his summary judgment motion with 5 additional pages is DENIED. Plaintiff's dispositive motion shall comply with the page limits set forth in Local Civil Rule 7.1(e).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Supplemental Brief in Support of His Pending Motion for Partial Summary Judgment [Doc. No. 29] is GRANTED IN PART and DENIED IN PART as set forth herein.

IT IS SO ORDERED this 27th day of March, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE